UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WARREN SNOW<br>963 Rushleigh Road<br>Cleveland, OH 44122 | ) | CASE NO. |
| | ) | |
| | ) | JUDGE |
| | ) | |
| on behalf of himself and those similarly<br>situated | ) | |
| | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| vs. | ) | |
| | ) | |
| JMI REPORTS, LLC | ) | |
| c/o Statutory Agent Corporation Service | ) | |
| Company | ) | |
| 50 West Broad St., Ste. 1330 | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Warren Snow, by and through counsel, and for their Complaint against Defendant JMI Reports, LLC ("Defendant"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant's principle place of business is in North Royalton, Ohio, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## **PARTIES**

5.      At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.      At all times relevant herein, Plaintiff was an employee meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7.      At all times relevant herein, Defendant was a foreign limited liability company, organized and existing under the laws of the State of Delaware, and licensed to conduct business in Ohio.

8.      At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio.

9.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10.      At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11.      At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.      At all times relevant herein, Plaintiff was an employee engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13.     Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14.     Defendant provides risk assessment services on residential, industrial, and agricultural property for insurance companies.

15.     Defendant employed Plaintiff since March 2019 as a field representative.

16.     Other similarly-situated individuals were employed by Defendant as field inspectors throughout the United States.

17.     Plaintiff and other similarly-situated field inspectors were classified by Defendant as independent contractors.

18.     Defendant paid Plaintiff and other similarly situated field inspectors by the number of inspections they performed.

### (Misclassification of Field Inspectors as Independent Contractors)

19.     Defendant improperly classified Plaintiff and other similarly-situated field inspectors as independent contractors.

20.     Plaintiff and other similarly-situated field inspectors were employees under the law because Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled their work, and performed all other duties generally associated with that of an employer with regard to Plaintiff and similarly situated employees.

21.     Plaintiff and other similarly situated field inspectors constitute the workforce without which Defendant could not perform its operations.

22.     Defendant controlled the manner in which Plaintiff and other similarly-situated

field inspectors performed their work, including, without limitation, the hours they worked, the days they worked, the location(s) they worked, how they performed their work, and the rules and policies that they were required to follow.

23.    Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and other similarly situated field inspectors:

a.    Defendant paid Plaintiff and other similarly situated field inspectors by the number of inspections they performed and retained the right to refuse payment for incomplete or incorrect inspection reports;

b.    Defendant retained the sole discretion to determine Plaintiff and other similarly situated field inspectors' compensation rate;

c.    Plaintiff and other similarly situated field inspectors were not permitted to decline the inspections provided by Defendant;

d.    Plaintiff and other similarly situated field inspectors had no control over what areas they were assigned to or over where they performed their work;

e.    Defendant provided training to Plaintiff and other similarly-situated field inspectors, instructing them how to perform their work;

f.    Defendant dictated the locations at which Plaintiff and other similarly-situated field inspectors traveled and worked;

g.    Defendant dictated how quickly inspection reports had to be submitted in order for Plaintiff and other similarly situated field inspectors received compensation;

h.    Plaintiff and other similarly-situated field inspectors were integrated into Defendant's operations;

i.    Defendant had rules that Plaintiff and other similarly-situated field inspectors were

4

required to follow when performing their jobs; and

      j.    Defendant maintained the right to discharge Plaintiff and other similarly-situated field inspectors at-will.

24.    Despite these facts, Defendant improperly classified Plaintiff and other similarly-situated field inspectors as independent contractors and not as employees.

**(Failure to Pay Overtime Compensation)**

24.    Plaintiffs and other similarly-situated field inspectors worked more than 40 hours per week, but Defendant failed to pay them overtime compensation at the rate of one and one half their regular hourly rate for the hours they worked over 40 each workweek.

25.    Plaintiff estimates that he worked between 45 and 50 hours per workweek.

**(Failure to Keep Accurate Records)**

26.    Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly situated field inspectors.

**(Defendant Willfully Violated the FLSA)**

27.    Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29.    The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former individuals employed by JMI Reports LLC
> as field inspectors at any time between September 4, 2017 and the
> present.

30.     Plaintiff is unable to state at this time the exact size of the potential class, by upon

information and belief, avers that is consists of at least several hundred persons.

31.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.

216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff

is representative of those other employees and are acting on behalf of their interests as well as his

own in bringing this action.

32.     These similarly situated employees are known to Defendant and are readily

identifiable through Defendant's records.  These individuals may readily be notified of this action,

and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating

their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs

under the FLSA.

**CLASS ACTION ALLEGATIONS**

33.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3)

on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All current and former individuals employed by JMI Reports LLC
> as field inspectors in Ohio at any time between September 4, 2017
> and the present.

34.     The Ohio Class is so numerous that joinder of all class members is impracticable.

Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon

information and belief, aver that it consists of at least 100 persons.

6

35.    There are questions of law or fact common to the Ohio Class, including but not limited to the following:

     a) whether Defendant failed to pay overtime compensation to its field inspectors for hours worked in excess of 40 each workweek; and

     b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

36.    The claims of the named Plaintiff Warren Snow are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

37.    Named Plaintiff Warren Snow will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

38.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small

7

that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

40.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41.     Defendant's practice and policy of misclassifying Plaintiff and other similarly situated field inspectors as independent contractors violated the FLSA, 29 U.S.C. §§ 201-219.

42.      Defendant's practice and policy of not paying Plaintiff and other similarly situated field inspectors overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

43.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated field inspectors violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

44.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

45.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated field inspectors have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code § 4111.03)

46.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     Defendant's practice and policy of misclassifying Plaintiffs and other similarly situated field inspectors as independent contractors violated the OMFWSA, R.C. § 4111.03.

48.     Defendant's practice and policy of not paying Plaintiffs and other similarly situated field inspectors overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

49.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly situated field inspectors violated the OMFWSA, R.C. § 4111.03.

50.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated field inspectors have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the classes he represents actual damages for unpaid wages;

D.      Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.      Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

9

F.    Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G.    Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff